**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| Angie & Krzysztof Wielogosinski | ) | Bankruptcy No. 18 B 22666 |
| | ) | |
| _____ | ) | Chapter 7 |
| | ) | |
| Christine Szafron | ) | Judge LaShonda A. Hunt (Joliet) |
| Plaintiff | ) | |
| v. | ) | Adv. No. 19 A 00018 |
| | ) | |
| Angie Wielogosinski, | ) | |
| Defendant | ) | |

**AMENDED PLAINTIFF'S PORTION OF PRETRIAL STATEMENT**

Plaintiff, for her portion of the required joint final pretrial statement, provides the following. Plantiff was unable to obtain the cooperation of the Defendant, who is *pro se*, and files this as Plaintiff's portion without the input of the Defendant.

**1. Brief Statement of Each Claim and Defense:**

Plaintiff: Plaintiff claims that Defendant obtained an $80,000.00 loan from Plaintiff through false representation and actual fraud. Defendant represented and promised that she needed the $80,000.00, and would use that amount, toward the purchase of her hom in Homer Glen, Illinois. The purchase price for the home was $314,990, and the purchase money mortgage was $267,700. Of the $80,000 loan, a maximum of $47,290, the difference between the purchase price and the mortgage, was used for the purchase of the home. Plaintiff seeks a determination that the debt owed by Defendant to Plaintiff be excepted from discharge under 11 U.S.C. §523(a)(2).

Plaintiff claims that Defendant willfully failed and refused to comply with the Court's Order Compelling Compliance with Discovery, entered on December 7, 2018. Defendant did not turn over documentation of the use of the proceeds of the $80,000 loan and this failure to

keep records constitutes concealment, destruction, or failure to keep or preserve recorded information regarding the Debtor's financial condition or transactions. Plaintiff seeks the denial of Defendant's discharge under 11 U.S.C. §727(a)(3) and (a)(6).

Defendant:

**2. Statement of Stipulated Facts:**

Plaintiff has not obtained the cooperation of the Defendant in preparing stipulations. The following facts are admitted in the Defendant's Answer, filed April 5, 2019:

1. This Court has jurisdiction over this proceeding, the complaint initiates a core proceeding, and venue in this Court is proper. Answer, ¶¶ 1,3,4.

2. Defendant Angie Wielogosinski is one of the debtors in this case. Answer, ¶ 5

3. Plaintiff is a creditor, with a judgment entered in her favor against both debtors on October 12, 2017, in the amount of $39,472.00, in the Circuit Court for Will County, Illinois. Answer, ¶ 6.

4. Defendant obtained a loan in the amount of $80,000 from Plaintiff on March 20, 2006. Answer, ¶ 17.

5. Defendant executed a promissory note in connection with that loan. Answer, ¶ 18.

6. The note contains a specific representation that the Defendant was borrowing the $80,000 "to be used towards purchase of my new residence in Homer Township, Illinois." Answer, ¶ 19.

7. Defendant purchased a new residence in Homer Township, at 16003 Messenger Circle, Homer Glen, Illinois, jointly with the co-debtor, Krysztof Wielogosinski, on May 10, 2006. Answer, ¶21.

8. The purchase price for the Homer Glen property was $314,990. Answer, ¶ 22.

9. Defendant obtained a mortgage from Mortgage Electronic Registration Service, Inc.

(MERS), in the amount of $267,700, to fund the purchase of the Homer Glen property. <u>Answer</u>, ¶¶ 23, 24.

10. On September 14, 2018, the Court entered an Order for Rule 2004 Examination, and on that basis Plaintiff served interrogatories and a request for production on the Defendant, through her counsel, on September 20, 2018. <u>Answer</u>, ¶¶ 7,8.

11. On December 7, 2018, the Court entered an Order Compelling Compliance with Discovery, requiring Defendant to respond to discovery no later than December 21, 2018. <u>Answer</u>, ¶ 10.

**3. Statement of Material Facts in Dispute:**

Plaintiff has not obtained the cooperation of the Defendant in preparing this Pretrial Statement, and is not aware of what material facts remain in dispute. Defendant denied, in her Answer, that she obtained the loan by false pretenses or actual fraud, that she failed to keep or preserve recorded information about Defendant's financial condition, and that she refused to obey a lawful order of the Court.

**4. Lists of Witnesses with Objections:**

<u>Plaintiff</u>: (Both witnesses will be called)

>Christine Szafron
>christineszafron@aol.com
>630-805-1571

>Angie Wielogosinski
>(Plaintiff does not have email or telephone information for Defendant)

<u>Defendant</u>:

**5. List of Exhibits:**

<u>Plaintiff</u>:

1. Complaint
2. Answer
3. Promissory Note
4. Memorandum of Judgment
5. Deed
6. Transfer tax declaration
7. Mortgage
8. Motion for Rule 2004 Examination
9. Order for Rule 2004 Examination
10. Interrogatories
11. Request for Production
12. Discovery Letter dated October 23, 2018
13. Cover email with Discovery Letter, dated October 24, 2018
14. Motion to Compel Discovery
15. Order to Compel Discovery
16. Interrogatory Response

<u>Defendant:</u>

Respectfully submitted,

Christine Szafron

By:___/s/ David P. Lloyd_____
    Her attorney

David P. Lloyd
David P. Lloyd, Ltd.
615B S. LaGrange Rd.
LaGrange IL 60525
708-937-1264
Fax: 708-937-1265